**Juvencia Darsha TOWNSEND,
Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF COR-
RECTIONS; Everingham, Case Man-
ager; Roach, Case Manager; Duran,
Case Manager; John C. Roberts, Cor-
rections Officer; SGT. Tonya Gamblin,
Housing; SGT. Todd Christ; Major
Mark Alholtz, Housing; LT. Traxler,
Head Case Manager; Jackson, Case
Manager; David Johnson, Warden;
Deets, Case Manager,, Defendants-Ap-
pellees.**

No. 16-1141

United States Court of Appeals,
Tenth Circuit.

Filed December 16, 2016

Juvencia Darsha Townsend, Pro Se

Jennifer Fawn Kemp, Office of the At-
torney General for the State of Colorado,
Ralph L. Carr Colorado Judicial Center,
Denver, CO, for Defendant-Appellee Colo-
rado Department of Corrections

Jennifer Fawn Kemp, James X. Quinn,
Esq., Office of the Attorney General for
the State of Colorado, Ralph L. Carr Colo-
rado Judicial Center, Denver, CO, for De-
fendants-Appellees Everingham, Roach,
Duran, John C. Roberts, Tonya Gamblin,
Todd Christ, Mark AlHoltz, Brian McFee,
Traxler, Jackson, David Johnson, Deets

Before LUCERO, MATHESON, and
BACHARACH, Circuit Judges.

## ORDER AND JUDGMENT [*]

Carlos F. Lucero Circuit Judge

Juvencia Townsend, a state prisoner
proceeding pro se, appeals the district
court's dismissal of her 42 U.S.C. § 1983
action. Exercising, jurisdiction under 28
U.S.C. § 1291, we affirm.

Townsend is a prisoner in the custody of
the Colorado Department of Corrections.
She alleges claims of discrimination,
harassment, retaliation, and due process
violations against various corrections de-
partment employees. The district court de-
nied Townsend's request for appointment
of counsel and subsequently dismissed
each of her claims. It concluded that
Townsend failed to exhaust administrative
remedies, did not state a claim for discrim-
ination, and that her retaliation claim was
time-barred. Townsend timely appealed.

On appeal, Townsend presents only
three narrow bases for relief. First, she
appears to argue that the district court
judge should have recused himself because
he presided over Townsend's criminal trial
and was biased against her. However,
"[a]dverse rulings alone are insufficient
grounds for disqualification, as is evidence
that the judge criticized or was angry with
a party." In re Am. Ready Mix, Inc., 14
F.3d 1497, 1501 (10th Cir. 1994) (citations
omitted). Townsend does not provide any
additional facts to support her claim of
bias. Thus, the district court judge was not
required to recuse.

---

[*] After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
in the determination of this appeal. See Fed.
R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Townsend also argues that the district court erred in denying her requests for appointed counsel. There is no constitutional right to counsel in a civil case. Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). However, a district court has discretion to request counsel for a litigant who is unable to afford one. Id. (citing 28 U.S.C. § 1915(e)(1)). We review the district court's denial for abuse of discretion, considering "the merits of the claims, the nature of the claims, [the plaintiff's] ability to present the claims, and the complexity of the issues." Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016). The district court's decision was reasonable: Townsend's claims are not novel or complex, and she was able to adequately present her case before the district court.

Finally, Townsend argues that the district court erroneously denied her motion requesting reports and documents, apparently in reference to initial disclosures. But Fed. R. Civ. P. 26(a)(1)(B) exempts from initial disclosures "an action brought without an attorney by a person in the custody of . . . a state." Thus, the district court did not err.

For the foregoing reasons, we **AFFIRM** the district court. We **DENY** Townsend's motion to dismiss the appeal without prejudice[1] and **GRANT** her motion to proceed in forma pauperis. She is reminded of her obligation to continue making partial payments until the entire filing fee has been paid in full. See 28 U.S.C. § 1915(b).

---

1. Townsend mistakenly appears to think that if we dismiss without prejudice, she will be allowed to refile her appeal at any time.